■ MARK LEVY et al., Respondents-Appellants, v. SAMUEL BREITER, as Trustee under a Trust Created by HARRY W. SPIEGEL, et al., Respondents, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Appellant, v. WILLIAM ALFANO et al., Third-Party Defendants-Respondents. (And 12 Other Actions.) Order and judgment (one paper), Supreme Court, New York County, entered on February 2, 1973, and the amendment thereto entered on March 29, 1973, unanimously affirmed, with $60 costs and disbursements to the prevailing parties on this appeal appearing separately and filing separate briefs. Concur — McGivern, P. J., Markewich, Kupferman, Murphy and Lane, JJ.

■ BRENDAN SULLIVAN, Appellant, v. DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.— Judgment, Supreme Court, New York County, entered October 9, 1973, denying petitioner's application and dismissing the petition, unanimously affirmed, without costs and without disbursements. Our affirmance is without prejudice to such plenary action as petitioner may be advised to pursue in respect to a claim for back pay. Concur — Markewich, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ In the Matter of JOEL COMPANY, Respondent-Appellant, v. NATHAN LEVENTHAL, as Commissioner of the Department of Rent and Housing Maintenance, Appellant-Respondent.— Order, Supreme Court, New York County, entered October 9, 1973, unanimously modified, on the law and the facts and as a matter of discretion, to vacate the reference therein provided and allow respondent to serve an answer to the petition, and otherwise affirmed, without costs and without disbursements. This is the second article 78 proceeding to require respondent to authorize MBR increases. It is unnecessary to relate the involved history of the petitioner's applications and the respondent's rulings. Suffice it to point out that this prompted Special Term to refer to Trial Term the issue of whether proper practice had been followed by the petitioner and in the department. In any event, respondent, on the last day to answer the petition, granted an MBR increase and moved to dismiss the petition as moot. The difficulty is that the increase granted is as of April, 1973 and that requested was as of January, 1972. The petition is therefore not moot, but respondent may show that it can for limiting the increase to the date specified in the award. There seems to be no reason why the issues that may be raised in the petition and answer cannot be disposed of in regular course. Concur — Nunez, J. P., Kupferman, Steuer, Capozzoli and Lane, JJ.